UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH MONTGOMERY, and individual<br><br>Plaintiff,<br><br>v.<br><br>TOYOTA MOTOR SALES, U.S.A., INC., a California Corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:24-cv-06794-WLH-JCx<br><br>**ORDER RE PLAINTIFF'S MOTIONS TO FILE FIRST AMENDED COMPLAINT [15] AND MOTION FOR REMAND [14]**<br><br>**JS-6** |

Before the Court is Plaintiff's Motion for Leave to File First Amended Complaint (Docket No. 15) and Motion for Remand. (Docket No. 14). No party filed a written request for oral argument stating that an attorney with five years or less of experience would be arguing the matter. (See Standing Order, Docket No. 22 at 16). Further, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for October 4, 2024, is **VACATED**, and the matter taken off calendar. For the reasons below, the Plaintiff's Motions are **GRANTED**.

## I. BACKGROUND

This is a consumer warranty case. Plaintiff Deborah Montgomery originally filed this case against Defendant Toyota Motor Sales USA ("Toyota") in California Superior Court on July 2, 2024. (Mot. for Leave to File First Am. Compl. ("Mot. for Leave"), Docket No. 15). Plaintiff's original complaint alleged causes of actions under California's Song-Beverly Consumer Warranty Act ("SBCWA") and the federal Magnuson-Moss Warranty Act ("MMWA"). (*See Id.* at 15-16.). On August 12, 2024, Toyota noticed removal of the action based on federal subject matter jurisdiction. (*Id.* at 6).

Less than three weeks after the removal, Plaintiff filed the present motions for leave to amend her complaint and for an order remanding the case to state court. (Docket Nos. 14, 15). Plaintiff's Proposed FAC omits the federal MMWA claims and retains only the state SBCWA claims. (Exhibit A to Mot. for Leave ("Proposed FAC"), Docket No. 22).

## II. DISCUSSION

### A. Rule 15 Amendment

Generally, a court considers a motion for leave to amend pleadings pursuant to the permissive standard of Federal Rule of Civil Procedure 15(a) ("Rule 15(a)"). *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Rule 15 provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Leave to amend should only be denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Given the liberal policy regarding Rule 15 amendment, the early stage of litigation, and the fact that Plaintiff filed the present motions without undue delay, the Court GRANTS the Plaintiff's motion to file a First Amended Complaint. *See Molina*

*v. Rite Aid*, 2019 WL 121194, at *1 (C.D. Cal. Jan. 7, 2019) (granting leave to amend in similar matter). The Court further accepts the Proposed FAC (Docket No. 22) as the First Amended Complaint.

### B. Supplemental Jurisdiction and Remand

Under 28 U.S.C. § 1367(a), a district court that has original jurisdiction over a claim "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." A district court, however, is within its discretion to decline exercising supplemental jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction" or "there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(3)-(4).

A plaintiff may not "compel remand by amending a complaint to eliminate the federal question upon which removal was based." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998) (emphasis added) (abrogated on other grounds). The Supreme Court, however, has clarified that district courts have *discretion* to remand cases where only state law claims remain. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). ("[A] district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate."). In deciding whether to exercise supplemental jurisdiction or to remand a case where only state law claims remain, a court must consider the values of "judicial economy, convenience, fairness, and comity." *Id.* at 350.

Here, the court finds it appropriate to exercise its discretion to decline supplemental jurisdiction and to remand the case to state court. *See Molina*, 2019 WL 121194, at *3 (remanding a case under similar facts). The First Amended Complaint includes no claims over which the Court has original jurisdiction. (*See* First Amended Complaint). Returning this purely state-law action to state court at this early stage of litigation would serve judicial economy, convenience, fairness and comity. *Fletcher*

*v. Solomon*, No. C-06-05492 RMW, 2006 WL 3290399, at *4 (N.D. Cal. Nov. 13, 2006).

## III. CONCLUSION

The Court GRANTS Plaintiff's Motion for Leave to File an Amended Complaint and accepts the Proposed FAC as the First Amended Complaint. Because the First Amended Complaint contains only state law claims, the Court exercises its discretion to decline supplemental jurisdiction. The Court therefore REMANDS the case to the Superior Court of California, Los Angeles County.

**IT IS SO ORDERED.**

Dated: October 1, 2024

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE